**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                             Criminal No. 10-mj-045-01-DL

<u>Juan Antonio Cosme-Marcano</u>


## ORDER OF DETENTION PENDING TRIAL

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 <u>et</u> <u>seq.</u>, a hearing was conducted on May 26, 2010, for the purpose of determining whether to detain defendant, Juan Antonio Cosme-Marcano, who has been charged with fraudulent use of a social security number.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the

offense charged; (2) the weight of the evidence as to guilt;
(3) the history and characteristics of the accused, including
family ties, past history, financial resources and employment;
and (4) the nature and seriousness of the danger to any person or
the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18
U.S.C. § 3142, the government typically retains the burden of
persuading the court that "'no condition or combination of
conditions will reasonably assure' the defendant's presence at
trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st
Cir. 1988)(quoting United States v. Palmer-Contreras, 835 F.2d
15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d
789, 793 (1st Cir. 1991). For its part, the government is
required to offer a preponderance of the evidence to prove risk
of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary
to find that no combination will reasonably assure the safety of
any person and the community require satisfaction of the "clear
and convincing" standard. 18 U.S.C. § 3142(f)(2).

In the case at hand, I have found probable cause to believe
that the offenses charged have been committed and that the
defendant has committed them.

2

Here, I find that the government has met its burden with regard to risk of flight.  Specifically, defendant has used different aliases and his claim to have been born in Puerto Rico is dubious since he could not even tell agents who his mother is or what town he is from.  He has no ties to the community and is probably an illegal alien.

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant poses a risk of flight.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection

3

with a court proceeding.

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date:   May 27, 2010

cc:     Robert M. Kinsella, Esq.
        Jim Gleason, Esq.
        U.S. Marshal
        U.S. Probation